UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 13-CV-00042 PJS/FLN
_____

RICHARD WILSON,

        Plaintiff,

v.                                                              **AMENDED COMPLAINT**
                                                                     **JURY TRIAL DEMANDED**

DYNAMIC RECOVERY SOLUTIONS, INC.,

        Defendant.
_____

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

7. Plaintiff Richard Wilson (hereinafter "Plaintiff"), is a natural person residing in the County of Chisago, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

### Defendant

8. Defendant Dynamic Recovery Solutions, Inc. (hereinafter "Defendant"), is a South Carolina corporation with its principal place of business located at 135 Interstate Blvd. # 6, Greenville, SC 29615.

9. Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

10. On December 13, 2012, Plaintiff received a telephone call on his cell phone from Defendant concerning a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant did not allege in this call that the debt was Plaintiff's. Rather, Defendant demanded Plaintiff put an individual named "Chad Heroff" on the line.

12. Defendant disclosed that Chad Heroff owed an alleged debt.

13. Plaintiff does not reside with a Chad Heroff.

14. No person named Chad Heroff is associated with Plaintiff's cellular telephone account.

15. Plaintiff conveyed to Defendant that he was not Chad Heroff, that he did not live with a Chad Heroff, and that Chad Heroff was not associated with Plaintiff's cellular telephone account.

16. On December 14, 2012, at 10:06 AM, Defendant called Plaintiff for a second time demanding to speak with Chad Heroff. Plaintiff again conveyed that he was not Chad Heroff and that no person by that name answered Plaintiff's cellular telephone.

17. On December 14, 2012, at 11:31 AM, Defendant called Plaintiff for a third time seeking Chad Heroff.

## Violations of The Fair Debt Collection Practices Act

18. Defendant's calls to Plaintiff are "communications" as that term is defined by Section 803 of the FDCPA, 15 U.S.C. § 1692a(2).

19. Defendant's three (3) calls were not made for the purpose of confirming or correcting location information. Defendant is in violation of Section 804 of the FDCPA, 15 U.S.C. § 1692b(1).

20. Defendant disclosed that an individual named Chad Heroff owed a debt. Defendant disclosed this information to a third party. Defendant is in violation of Section 804 of the FDCPA, 15 U.S.C. § 1692b(2).

21. Defendant placed two (2) calls Plaintiff's cell phone after the initial call despite never being requested by Plaintiff to call back. Defendant is in violation of Section 804 of the FDCPA, 15 U.S.C. § 1692b(3).

22. Defendant demanded location information from Plaintiff regarding Chad Heroff and disclosed that Chad Heroff owes an alleged debt. Defendant's conduct is a prohibited communication with a person other than the consumer, the consumer's attorney, or a credit bureau, violating Section Section 805 of the FDCPA, 15 U.S.C. § 1692c(b).

## Respondeat Superior Liability

23. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

24. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

25. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

26. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

27. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

28. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

**TRIAL BY JURY**

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

# CAUSES OF ACTION

## COUNT I
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

33. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

34. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

35. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

                                Respectfully submitted,

Dated:  February 19, 2013        MARTINEAU, GONKO & VAVRECK, PLLC

                                s/ Mark L. Vavreck               .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com